RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Scott A. Ohnegian, Esq.
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NELSON GARCIA, *individually and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>S. GROVER, CPA, PLLC (D/B/A S. GROVER, CPA, PLLC), DEVONSHIRE REALTY (USA), INC. (D/B/A DEVONSHIRE REALTY (USA), INC.), DEVONSHIRE REALTY NJ LLC (D/B/A DEVONSHIRE REALTY NJ LLC), and SANJAY GROVER,<br><br>Defendants. | Civil Action No. 1:18-cv-03000-AT-RL |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT**
**OF THEIR MOTION TO DISMISS OR TRANSFER**

Of Counsel:
    Scott A. Ohnegian

On the Brief:
    Scott A. Ohnegian
    Fiona E. Cousland

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT .............................................................................................................................. 3

   Venue is Not Proper in the Southern District of New York
   or Anywhere Other Than New Jersey .................................................................................... 3

CONCLUSION ........................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas,
 571 U.S. 49 (2013) .......................................................................................................... 3

Bynum v. Maplebear Inc.,
 160 F. Supp. 3d 527, 541 (E.D.N.Y.), appeal dismissed (July 13, 2016), motion to certify appeal denied, 209 F. Supp. 3d 528 (E.D.N.Y. 2016), appeal dismissed, 698 F. App'x 23 (2d Cir. 2017), cert. denied, 138 S. Ct. 2581 (2018) ............................. 5, 6

Cfirstclass Corp. v. Silverjet PLC,
 560 F. Supp. 2d 324 (S.D.N.Y. 2008) ............................................................................. 4

Martinez v. Bloomberg LP,
 740 F.3d 211 (2d Cir. 2014) ............................................................................................ 4

Meyer v. U.S. Tennis Ass'n
 297 F.R.D. 75, 89 (S.D.N.Y. 2013) ............................................................................. 5, 6

Neirbo v. Bethlehem Shipbuilding Co.,
 308 U.S. 165 (1939) ........................................................................................................ 3

TecFolks, LLC v. Claimtek Sys.,
 906 F. Supp. 2d 173 ........................................................................................................ 4

**STATUTES**

28 U.S.C. § 1404 ................................................................................................................ 3, 7

**RULES**

Fed.R.Civ.P. 12(b)(1) ............................................................................................................ 4

Fed.R.Civ.P. 12(b)(3) ............................................................................................................ 4

Fed.R.Civ.P. 12(b)(6) ............................................................................................................ 4

**PRELIMINARY STATEMENT**

Defendants S. Grover, CPA, PLLC, Devonshire Realty (USA), Inc., Devonshire Realty NJ LLC, and Sanjay Grover ("Grover") (collectively, "Defendants") submit this Memorandum of Law in Support of their Motion to Dismiss or Transfer pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(3). This pleading responds to Plaintiff Nelson Garcia's ("Garcia" or "Plaintiff") Complaint (hereafter "Complaint").

Venue is improper in this District because Plaintiff and Defendant Devonshire Realty LLC agreed by contract that any disputes among them would be heard in New Jersey courts and governed by New Jersey law.

Defendant Devonshire Realty LLC employed Plaintiff to serve as Defendant Grover's personal driver. Plaintiff's job duties were to travel from the New Jersey apartment Defendant Devonshire Realty LLC provided to him to Defendant Grover's New Jersey home. Plaintiff then drove Defendant Grover from his New Jersey home to his New Jersey office or his New York office. In recognition that Plaintiff would work in multiple states, and because any dispute regarding Plaintiff's employment would necessarily involve an examination of a lease for real estate located in New Jersey, the parties contracted to resolve all disputes in New Jersey under New Jersey law. Plaintiff now seeks to repudiate that agreement without justification and proceed with a Complaint filed in New York.

Defendants respectfully request that this Court dismiss this matter or, in the alternative, transfer this matter to the District of New Jersey.

1

**STATEMENT OF FACTS**

This case involves a dispute between an employer and a former employee regarding compensation.[1] Plaintiff resides in New Jersey. (Certification of Scott A. Ohnegian, Esq. "Ohnegian Cert.", Ex. A, ¶ 15). Defendant Devonshire Realty LLC employed him from approximately February 2009 until August 2017. (Ohnegian Cert., Ex. A, ¶ 16.) Plaintiff served as a driver for Defendant Grover. (Ohnegian Cert., Ex. A, ¶ 5). Plaintiff drove Defendant Grover from his home in New Jersey to his office in New Jersey and also to his office in New York. (Ohnegian Cert., Ex. A, ¶¶ 45-46).

An employment agreement governed the terms of Plaintiff's employment with Defendant Devonshire Realty LLC and Plaintiff (the "Agreement"). (Ohnegian Cert., Ex. B). Relevant to this motion, the Agreement provides:

> 18.    Jurisdiction and Forum. The state of New Jersey and laws of New Jersey shall control this agreement but not in contravention of any federal labor laws as applicable.
>
> . . .
>
> 21.    Choice of law and conflicts. Any conflict with any state shall be resolved in favor of the laws of New Jersey. Likewise, any choice of law shall be construed in favor of New Jersey.

(Id.)

The Agreement further provides that "As part of the compensation, Employer shall provide Employee a certain designated and separate housing fit for two adults at 2 Devon Road, Colonia, New Jersey 07067 (hereafter the "Premises") under the following terms and conditions." (Id.)

---

[1] While Plaintiff filed this matter as a collective action under 29 U.S.C. § 216(b), Plaintiff's counsel conceded at the conference held on June 11, 2018, that the case involves a single plaintiff only and stated that he would file an Amended Complaint withdrawing the collective claims.

The parties exchanged and filed pre-motion letters with the Court.

## ARGUMENT

### Venue is Not Proper in the Southern District of New York or Anywhere Other Than New Jersey

Contrary to the allegations in Plaintiff's Complaint, venue is not proper in the Southern District of New York.  Parties are free to select a forum for the resolution of disputes arising under a contract.  Neirbo v. Bethlehem Shipbuilding Co., 308 U.S. 165, 167-68 (1939).  28 U.S.C. § 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  When the parties have agreed to a valid forum-selection clause, "a district court should ordinarily transfer the case to the forum specified in that clause.  Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied."  Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 62 (2013).

Ordinarily, "a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations . . . and decide whether, on balance, a transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice." Id. at 62–63.  When, however, the parties have contractually agreed to a particular forum, the calculus changes because the "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system."  Id. at 63 (quoting Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988)).  Although ordinarily there is a presumption in favor of the Plaintiff's choice of forum, when the plaintiff has agreed by contract to a specific forum the "plaintiff's choice of forum merits no weight."  Id.  A "court evaluating a defendant's § 1404(a)

3

motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." Id. The parties have waived the right to challenge the forum they agreed to as inconvenient for themselves or their witnesses. Id. Forum-selection clauses "should control except in unusual cases." Id. at 64.

A forum selection clause will only be disregarded if "(1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum in which suit is brought; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court." Martinez v. Bloomberg LP, 740 F.3d 211, 228 (2d Cir. 2014). The Second Circuit applies a 4 part analysis to determine whether to dismiss a claim based upon a forum selection clause: was the clause reasonably communicated to the party resisting enforcement; is it mandatory or permissive; are the claims and parties involved in the suit subject to the forum selection clause; and has the resisting party made a sufficiently strong showing that enforcement would be unreasonable or unjust. TecFolks, LLC v. Claimtek Sys., 906 F. Supp. 2d 173, 175–76 (E.D.N.Y. 2012[2]).

In this case, no such factors are present. Plaintiff's Complaint does not allege any "extraordinary circumstances" that would justify denying Defendants' motion. Plaintiff resides in New Jersey. Defendant hired Plaintiff in New Jersey. Plaintiff performed work in New Jersey. During his employment, Plaintiff lived in New Jersey in housing provided for him by

---

[2] The Second Circuit will enforce a forum selection clause by way of a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), a motion to dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3), or a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Cfirstclass Corp. v. Silverjet PLC, 560 F. Supp. 2d 324, 326–27 (S.D.N.Y. 2008).

Defendant Devonshire Realty LLC.  The incorporation of the forum selection clause was not a result of fraud.

There is no credible argument to be made that the law to be applied in New Jersey is fundamentally unfair, and in any case the Agreement also contains a choice of law provision providing for New Jersey law.  All of Plaintiff's federal claims can be heard by a federal court in New Jersey.  There is simply no basis for the Court to elect to disregard the parties' selection of New Jersey as the forum for disputes relating to Plaintiff's employment.

The forum selection clause at issue here is analogous to an arbitration clause, as both seek to determine by contract where a dispute may be heard.  FLSA and NYLL claims may fall within the scope of a contractual arbitration provision.  Bynum v. Maplebear Inc., 160 F. Supp. 3d 527, 541 (E.D.N.Y.), appeal dismissed (July 13, 2016), motion to certify appeal denied, 209 F. Supp. 3d 528 (E.D.N.Y. 2016), appeal dismissed, 698 F. App'x 23 (2d Cir. 2017), cert. denied, 138 S. Ct. 2581 (2018).  In that case, Plaintiff disputed whether she should have been treated as an employee, instead of an independent contractor pursuant to an agreement with defendant, and whether she was entitled to overtime wages under the FLSA and the NYLL.  The Court found that the arbitration clause applied because determining the validity of Plaintiff's FLSA and NYLL claims "requires inquiring into the nature of plaintiff's employment and whether she was afforded proper compensation," aa determination which necessarily involves the agreement.  Id.

Similarly, in Meyer v. U.S. Tennis Ass'n., the court considered the applicability of a forum selection clause to a dispute involving a claim that the tennis association had violated the FLSA and NYLL by classifying umpires as independent contractors and failing to pay overtime. 297 F.R.D. 75, 89 (S.D.N.Y. 2013).  After determining that the umpires could raise their FLSA and NYLL claims collectively, the Court found that the SDNY was an appropriate forum "given

5

that the forum selection clause in the 'independent contractor' agreements chooses this District." Id.

This case raises the same issue of whether a contractual clause that seeks to limit the venues available to Plaintiff may be applied to FLSA and NYLL claims. As the cases cited above demonstrate, the answer to that question is yes. As in Bynum v. Maplebear, a determination of whether Plaintiff was properly paid requires an inquiry into the nature of his employment with Defendant. Just like in Bynum, the nature of that employment is set forth in an employment agreement which includes a forum selection clause. In fact, the necessity of considering Plaintiff's claims in the context of his employment agreement is even more acute where, as here, Plaintiff's compensation included housing provided in the state selected by the forum selection clause.

The fact that Plaintiff alleges statutory claims instead of contractual claims is not dispositive. Even when the claims are both statutory and challenge the nature of the agreement itself, a forum selection clause may still provide guidance on where to resolve those claims. Meyer, 297 F.R.D. 75 at 89. In that case, the forum selection clause guided the Court on where to hear Plaintiffs' claims even though the Plaintiffs' argument was that the agreements at issue themselves were improper since they defined the plaintiffs as independent contractors instead of employees. The argument in favor of the forum selection clause is stronger here where there is no allegation that the Agreement itself improperly categorized Plaintiff's employment status.

The Agreement does not exempt federal labor law claims from the forum selection clause. Rather, it expressly identifies those claims by providing that Plaintiff may assert them even though the laws of New Jersey control the Agreement. Plaintiff's federal law claims can be heard by a federal court in New Jersey just as competently as by a federal court in New York.

Here, the parties agreed that the state of New Jersey "shall control" disputes arising out of the Agreement. (Ohnegian Cert., Ex. B). The reasons for that selection of forum are obvious on the face of the Agreement. The parties specified that New Jersey law governs the Agreement and that any conflicts of law shall be resolved in favor of New Jersey law. (Ohnegian Cert., Ex. B). Moreover, the Agreement also provides the terms for Plaintiff's use of a residential property located in New Jersey. (Ohnegian Cert., Ex. B). Both Plaintiff and individual Defendant Sanjay Grover reside in New Jersey. (Ohnegian Cert., Ex. A, ¶ 15). This is not the rare circumstance in which a Court may find that the interests of justice outweigh the parties' valid selection of a forum. Rather, this is the ordinary case where the parties consented to the selection of a particular forum at the start of their relationship, a choice which is owed deference and respect by this Court.

Accordingly, the District of New Jersey is the proper venue for this suit. Defendants therefore respectfully request that this Court transfer the case to the District of New Jersey, the state specified to hear any disputes arising out of the Agreement, pursuant to 28 U.S.C. §§ 1404(a).

## CONCLUSION

Defendants respectfully request that this Court transfer this action to the District of New Jersey.

Respectfully submitted,

*s/ Scott A. Ohnegian*
Scott A. Ohnegian
RIKER DANZIG SCHERER HYLAND
 & PERRETTI LLP
One Speedwell Avenue
Morristown, NJ 07962-1981
Phone: (973) 538-0800
sohnegian@riker.com
Attorneys for Defendants

7