UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

NELSON GARCIA, individually and on
behalf of others similarly situated,

                    Plaintiff,

       - against -

S. GROVER, CPA, PLLC,
DEVONSHIRE REALTY (USA), INC.,
DEVONSHIRE REALTY NJ LLC, and
SANJAY GROVER,

                  Defendants.

-----------------------------------------------------------X

18-cv-3000 (AT) (RWL)

**DECISION AND ORDER
ON MOTION TO TRANSFER**

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10·19·2018**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

     This is a wage and hour case brought pursuant to the Fair Labor Standards Act
and the New York Labor Law.  Defendants move to dismiss or transfer this case to the
District of New Jersey on the basis of a forum selection clause in the Plaintiff's
employment agreement with the entity Devonshire Realty LLC.[1]  For the reasons set forth
below, Defendants' motion is DENIED.

---

[1] The Complaint in this action does not refer to Devonshire Realty LLC.  Defendants'
motion papers, however, refer to Devonshire Realty LLC as the entity that employed
Plaintiff.  (Defendants' Memorandum of Law In Support of Their Motion to Dismiss or
Transfer, dated Sept. 26, 2018 (ECF 43) ("Def. Mem."), at 1.)  Devonshire Realty LLC is
the employer identified in the employment agreement at issue here.  Both parties appear
to accept that the entity they call Devonshire Realty LLC is one of the Defendants.  The
Court therefore assumes the same.

## Background[2]

Plaintiff Nelson Garcia lives in New Jersey.[3]  He was employed as a personal chauffeur by one or more of the Defendants from approximately February 2009 until August 2017.[4]  Garcia drove Defendant Sanjay Grover to and from Grover's New Jersey residence, Grover's New Jersey office, and Grover's New York's office as well as to see clients and friends in New York.[5]

On September 26, 2018, Garcia filed the Complaint in this action.  The action purports to be filed on behalf of both Garcia individually and others similarly situated. However, the specific allegations of the Complaint pertain only to Garcia.  The Complaint alleges that Defendants underpaid Garcia and failed to provide him with proper employment notices, all in violation of wage and hour provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., as well as the New York Labor Law § 190, et. seq.  The Complaint does not allege any violation of New Jersey laws.

---

[2] Defendants have moved to dismiss or transfer pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(3) (improper venue).  For purposes of this motion, the Court accepts the allegations of the complaint as true and draws reasonable inferences in favor of as the non-moving party. *See Cartier v. Micha, Inc.,* No. 06 Civ. 4699, 2007 WL 1187188, at *2 (S.D.N.Y. Apr. 20, 2007)*; Concesionaria DHM, S.A. v. Int'l Fin. Corp.*, 307 F. Supp. 2d 553, 555 (S.D.N.Y. 2004).  In ruling on the motion, however, the Court may rely on facts and consider documents outside the complaint. *Cartier*, 2007 WL 1187188 at *2; *Concesionaria DHM*, 307 F. Supp. 2d at 555.

[3] Complaint ¶ 15.

[4] Complaint ¶¶ 35-36.  The Complaint alleges that each Defendant was Garcia's employer and that Defendant Grover operated and controlled the corporate Defendants. (Complaint at ¶¶ 23-28).

[5] Complaint ¶¶ 45-46.

Defendants have moved to dismiss or transfer the case to the District of New Jersey.  They do so based on an employment agreement entered into between Garcia and Devonshire (the "Agreement").[6]  The Agreement states that its purpose is to employ Garcia as a personal chauffer who can be accessed on short notice.[7]  The Agreement sets forth Garcia's duties, including expected hours of work, in considerable detail.[8]  The Agreement also sets forth Garcia's compensation, which includes both a weekly wage and the right to occupy certain housing in New Jersey.[9]  The Agreement addresses remedies for breach of the Agreement, but only for breach by Garcia; there is no provision as to what happens upon breach by the employer.[10]  Among other things, Garcia must pay liquidated damages of several thousand dollars for breach of any provision.[11]

The Agreement also contains forum and choice-of-law provisions.  Specifically, paragraph 18, titled "Jurisdiction and Forum" provides that "The state of New Jersey and laws of New Jersey shall control this agreement but not in contravention of any federal labor laws as applicable."[12]  Paragraph 21, titled "Choice of law and Conflicts," provides

---

[6] Def. Mem. pp. 1-7.

[7] Agreement at p.1, attached as Exhibit A to the Affidavit of Scott A. Ohnegian, dated September 26, 2018.

[8] Agreement pp.1-4.

[9] Agreement pp. 4-10.

[10] Agreement pp. 10-11.

[11] Agreement p.10

[12] Agreement p.11, ¶ 18.

"[a]ny conflict with any state shall be resolved in favor of the laws of New Jersey. Likewise, any choice of law shall be construed in favor of New Jersey."[13]

Garcia signed the Agreement on June 7, 2012.[14]  The term of the Agreement was for one year.[15]

## Applicable Law

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause."  *Donnay USA Ltd. v. Donnay Int'l S.A.,* 705 F. App'x 21, 23 (2d Cir. 2017) (quoting *Atlantic Marine Constr. Co. v. U.S. Dist. Court for the Western District of Texas*, 571 U.S. 49, 62 (2013)); *see also* 28 U.S.C. § 1404(a) ("[A] district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").  In determining whether to dismiss a claim based on a forum selection clause, the Second Circuit employs a four-factor analysis set forth in *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007).  At the first three steps, a court asks whether (1) the clause was "reasonably communicated to the party resisting enforcement;" (2) the clause is "mandatory [] i.e., . . . whether the parties are *required* to bring any dispute to the designated forum," rather than permissive; and (3) "the claims and parties involved in the suit are subject to the forum selection clause."  *Id.* at 383.  If the answer to all three questions is yes, the clause is "presumptively enforceable."  *Midamines SPRL Ltd. v. KBC Bank NV*, 601 F. App'x 43, 45 (2d Cir. 2015) (quoting

---

[13] Agreement pp.11-12, ¶ 21.

[14] Agreement p.12.

[15] Agreement p.1, ¶ 1.

*Phillips,* 494 F.3d at 384).  At the final step, a resisting party can rebut the presumption of enforceability by making "a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Phillips*, 494 F.3d at 383-84 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).[16]

## Discussion

The forum selection clause in this case does not survive the analysis required to be presumptively enforceable.  Garcia's FLSA and NYLL claims are not encompassed within the scope of the clause.  Moreover, although not a basis for this decision, there are serious questions about whether the Agreement is invalid due to overreaching.

## I.    Scope of the Forum Selection Clause

The first factor of the four-step analysis is satisfied.  Garcia's signature appears on the signature page for the Agreement, and just above his signature the Agreement recites that the parties have "[r]ead, understood and [been] given the opportunity to review by each party's counsel" and have executed the Agreement "without any pending question or doubt."[17]  The express language charges Garcia with having read and understood the

---

[16] Questions of enforceability of a forum selection clause in federal court "are resolved under federal law," while interpretive questions concerning the meaning and scope of a forum selection clause "are resolved under the substantive law designated in an otherwise valid contractual choice-of-law clause." *Martinez v. Bloomberg LP*, 740 F.3d 211, 224 (2d Cir. 2014). Questions two and three of the four-step analysis are interpretive and therefore subject to the law of chosen by the parties. *Id.* at 217-18.  In this instance, that law is New Jersey law.

[17] Agreement p.12.

Agreement.[18]  As such, for purposes of this motion, the Court deems the forum selection clause to have been reasonably communicated to Garcia.  *See Lahoud v. Document Techs. LLC,* No. 17 Civ. 1211, 2017 WL 5466704, at *4 (S.D.N.Y. Nov. 14, 2017) (finding forum selection clause was reasonably communicated where plaintiff executed the agreement and signed his initials beneath forum selection clause); *Ujvari v. 1stdibs.com, Inc.,* No. 16 Civ. 2216, 2017 WL 4082309, at *8 (S.D.N.Y. Sept. 13, 2017) (A forum selection clause may be deemed reasonably communicated "where the clause at issue appears as a standard section in the main body of an agreement signed by plaintiff and is phrased in both clear and unambiguous language.").[19]

As for the second factor, a forum selection clause is considered mandatory where it either "'confers exclusive jurisdiction on the designated forum,'" or "'incorporates obligatory venue language.'"  *Global Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011) (quoting *Phillips,* 494 F.3d at 386).  The forum selection clause here uses mandatory language stating that the state of New Jersey "shall control" the Agreement.  Both "shall" and "control" are terms indicating that the venue provision is

---

[18] Garica's brief states that he had "no time to consult his own legal counsel or sufficient time to read the agreement under the punishment of termination and summary eviction." (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Transfer, dated Oct. 2, 2018 (ECF 46) ("Pl. Mem.") at p. 9.)  No evidence has been submitted to that effect.  Given that the Court's decision is based on the scope of the forum selection clause as discussed below, the Court need not solicit evidence or hold a hearing on this issue.

[19] The Court finds some ambiguity in the forum selection's language, particularly as to what it means for a state to "control this agreement."  Well-formed forum selection clauses typically employ more precise language whereby the parties agree to bring any action in the state and federal courts of a particular state.  The clause in the parties' Agreement, however, refers to neither courts nor actions.  Garcia does not raise this concern in his opposition to the motion to transfer.  Accordingly, for purposes of this motion, the Court accepts that the forum selection clause was reasonably communicated.

obligatory, not permissive.  *See, e.g., LVAR, L.P. v. Bermuda Commercial Bank Ltd.,* 649 Fed. App'x 25, 27 (2d Cir. 2016) (in forum selection context, "the word 'shall' renders the clause mandatory"); *Lahoud,* 2017 WL 5466704, at *4 (emphasizing "shall" language in deeming forum selection clause mandatory).  Accordingly, the second factor is satisfied.

The crux of the analysis in this case is the third factor – whether the scope of the forum selection clause encompasses the claims at issue.  Defendants maintain that all of Garcia's claims fall within the clause's scope; Garcia maintains that the federal FLSA and state NYLL claims do not.  Garcia is correct.

A variety of courts have addressed the issue of whether FLSA claims are governed by an agreement's forum selection clause.  The outcome of these cases turns on the breadth or specificity of the forum selection clause.  For example, the Western District of North Carolina granted a motion to transfer in an FLSA case where the forum selection clause provided that "[a]ny litigation in connection herewith shall be brought only in the state and federal courts" of Tennessee.  *Sharpe v. Ally Fin., Inc.*, No. 3:17CV189-GCM, 2017 WL 5078900, at *1 (W.D.N.C. Nov. 3, 2017).  The *Sharpe* court distinguished cases in which transfer had been denied based on the forum selection clause at bar being "significantly broader than the ones at issue in those cases."  *Id.* at *3.  Specifically, the *Sharpe* court found the "in connection with" language to be far broader than language in other cases that had forum selection clauses narrowly applying to "this contract" or "this agreement."  *Id.; see also Marzano v. Proficio Mortg. Ventures, LLC*, 942 F. Supp. 2d 781, 790 (N.D. Ill. 2013) (drawing similar distinction between narrow and broad forum selection clauses as applied to FLSA claims).

Other cases like *Sharpe* similarly found FLSA claims subject to an agreement's forum selection clause when the clause employed broad language not limited to claims enforcing the agreement's terms. *E.g., Rahimi v. Mid Atlantic Prof'ls, Inc.*, No. 3:18-cv-278-CAB-KSC, 2018 WL 3207383, at *3 (S.D. Cal. June 29, 2018) (forum selection clause applied to "[a]ny litigation in connection with this Agreement"); *Marzano*, 942 F. Supp. 2d at 790-791 (arbitration clause applied to any action that "directly or indirectly relates to or arises out of" the employment agreement); *Ruifrok v. White Glove Rest. Servs., LLC,* No. DKC 10-2111, 2010 WL 4103685, at *1 (D. Md. Oct. 18, 2010) (forum selection clause applied to the agreement and "any action arising from the parties' performance of the agreement"); *see also Lahoud*, 2017 WL 5466704, at *4 (forum selection clause encompassed federal statutory employment discrimination claims where clause governed any action "arising out of" or "relating to" the agreement).

In contrast, and as underscored in *Sharpe* and *Marzano*, courts have found FLSA and related state wage and hour claims outside the scope of forum selection clauses that are not broadly phrased, including those that are limited to governing "this agreement," and devoid of any broadening language such as "related to", "in connection with," etc. *E.g.*, *Pacheco v. St. Luke's Emergency Assocs., P.C.*, 879 F. Supp. 2d 136, 140-42 (D. Mass. 2012) (FLSA claims not subject to forum selection clause applying to "any dispute derived out of" employment agreement); *Crouch v. Guardian Angel Nursing, Inc.*, No. 3:07-CV-541, 2009 WL 3738095, at *2-3 (M.D. Tenn. Nov. 4, 2009) (FLSA claim not governed by clause that applied to "any action to enforce any provision of this agreement"); *Perry v. Nat'l City Mortg., Inc.*, No. 05-CV-891-DRH, 2006 WL 2375015, at *4-5 (S.D. Ill. Aug. 15, 2006) (forum selection clause applying to "this Agreement" did not

apply to FLSA claims); *Saunders v. Ace Mortg. Funding, Inc.*, No. 05-1437, 2005 WL 3054594, at *3 (D. Minn. Nov. 14, 2005) (forum selection clause applying to "this contract" did not encompass FLSA claims because "Plaintiffs' FLSA claims do not depend on the existence of the employment contract"). *Cf. Garcia v. Golden Abacus, Inc.*, No. 16 Civ. 6252, 2017 WL 2560007, at *2 (S.D.N.Y. June 13, 2017) (FLSA and NYLL claims outside scope of arbitration clause that was limited to specific claims, such as tort and breach of contract; FLSA duties are independent of any contractual duty).[20]

The forum selection clause in the Agreement here does not employ the broad language of those clauses that have been found to encompass FLSA and state labor law claims. Rather, it merely recites that the state of New Jersey, and the laws of New Jersey, shall "control this Agreement." This language invokes only the Agreement; it does not refer to claims "arising under," "related to," or "in connection with" the Agreement. The provision is more like that of *Perry* and *Saunders* and unlike that of *Sharpe* and *Monzano*. The Court therefore finds that Garcia's FLSA and New York State Labor Law claims are not subject to the forum selection provision in the Agreement.[21]

---

[20] At least one court has found that even a forum selection clause using "arising from" language was too narrow to include FLSA claims. *Chebotnikov v. LimoLink, Inc.*, 150 F. Supp. 3d 128 (D. Mass. 2015). In that case, the forum selection clause provided that in the event the parties agree not to arbitrate, then "the state and federal courts of Iowa" would be the "sole and exclusive" forum for resolving "any dispute arising from this Agreement." *Id.* at 129-30. That court held that the clause did not apply to plaintiffs' FLSA claims, explaining that FLSA claims are not dependent on the plaintiffs' employment agreements. *Id.* at 131 (citing, *inter alia*, *Pacheco* and *Saunders*).

[21] The Court's decision does not rely on the forum selection clause's qualification that the state of New Jersey and the laws of New Jersey shall control "but not in contravention of any federal labor laws as applicable." Garcia contends that this language expressly "exempts" FLSA and NYLL claims from the clause's requirements. (Pl. Mem. at 10.) The Court disagrees. The qualification establishes what happens in the event of a conflict between state and federal law. It does not exempt all federal labor law claims.

The two cases relied on by Defendant do not compel a different conclusion.   In one case, *Bynum v. Maplebear Inc.*, the parties agreed to a very broad arbitration clause requiring arbitration "to the fullest extent possible" of "any controversy, dispute or claim arising out of related to" not only the agreement but also the services performed.   160 F. Supp. 3d 527, 531-32 (E.D.N.Y. 2016).   That court held that FLSA claims fell within the scope of the clause and that, as a matter of law, parties could agree to arbitrate individual FLSA claims.   *Id.* at 539-541.   *Bynum* thus is distinguishable as the clause there was particularly broad.   Moreover, in addressing venue pursuant to 28 U.S.C. § 1404(a), the *Bynum* court found that a provision requiring arbitration to take place outside New York violated federal policy in regard to venue and was invalid.   *Id.* at 537.   The parties stipulated that the provision should be stricken; as a result, while plaintiff's FLSA claims were subject to the arbitration clause, the venue for the arbitration remained in New York. *Id.*   The second case cited by Defendant is inapt as it addresses class action certification and does not analyze the scope of the forum selection clause.   *Meyer v. U.S. Tennis Ass'n*, 297 F.R.D. 75 (S.D.N.Y. 2013).[22]

---

[22] Garcia raises two other scope issues: (1) by its terms, the Agreement applies to only one year of the parties' eight-year employment relationship; and (2) the Complaint names four defendants, but the Agreement was entered into by Garcia and only one entity.   (Pl. Mem. at 10-11.)   Neither of these observations change the analysis.   The fact that only a portion of the time period or one of the parties is subject to the forum selection clause would not necessarily prevent transfer if transfer were otherwise required under the clause for a limited time period or a particular defendant.   That is because it likely would be inconvenient, inefficient and pose the prospect of potentially inconsistent verdicts if one year of claims, or one defendant, was pursued in New Jersey while claims for the remaining years against the remaining defendants were pursued in New York.   In that situation, a court could well decide that change of venue would be warranted as to the entire case.   *See* 28 U.S.C. § 1404(a) (a court may transfer venue for convenience of the parties, in the interest of justice).   Additionally, with respect to the multiple defendants, Garcia's Complaint includes allegations that could bring all of the Defendants within the dictates of the forum selection clause; namely, that all the Defendants are alter egos of

In sum, the claims asserted by Garcia are outside the scope of the Agreement's forum selection clause, and the clause does not require or merit transferring this case.

## II.    Overreaching

Garcia also argues that the forum selection clause cannot be enforced because the Agreement is the product of unconscionable overreaching, both substantively and procedurally.  The Agreement is substantively unconscionable, Garcia argues, because the terms are extremely one-sided (such as making Garcia liable for liquidated damages and indemnification in the event of breach but with no reciprocal obligation from Defendant, and imposing record-keeping requirements that, by statute, are the responsibility of the employer).  The Agreement is procedurally unconscionable, Garcia argues, because it was "offered as a contract of adhesion" and signed under the "threat of eviction and financial ruin."  (Def. Mem. at 9.)  If true, these allegations raise serious concerns and could well render the Agreement invalid.  However, Garcia has not submitted any declarations setting forth facts or other evidence (other than the Agreement itself) to support this argument on the present motion.  Accordingly, the Court does not ground this decision on a finding of unconscionability.

## Conclusion

For the reasons stated above, Defendants' motion to dismiss or transfer is denied.

---

Defendant Sanjay Grover and that the Defendants are all joint employers of Garcia or, alternatively, constitute a single employer.  (Complaint ¶¶ 24-30.)

SO ORDERED.

_____

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:      October 19, 2018
            New York, New York

Copies transmitted this date to all counsel of record.