```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/26/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NELSON GARCIA, *individually and on behalf of others similarly situated,*

        *Plaintiff,*

-against-

S. GROVER, CPA, PLLC (D/B/A S. GROVER, CPA, PLLC), DEVONSHIRE REALTY (USA), INC. (D/B/A DEVONSHIRE REALTY (USA), INC.), DEVONSHIRE REALTY NJ LLC (D/B/A DEVONSHIRE REALTY NJ LLC), and SANJAY GROVER,

        *Defendants.*

18-cv-03000-AT-RWL

SETTLEMENT AGREEMENT
AND
RELEASE

    This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Nelson Garcia ("Plaintiff Garcia") on the one hand, and S. Grover, CPA, PLLC, Devonshire Realty (USA), Inc., Devonshire Realty NJ LLC, (together, "Defendant Corporations") and Sanjay Grover, ("Individual Defendant"), (all named Defendants collectively referred to hereinafter as, "Defendants"), on the other hand.

    WHEREAS, Plaintiff Garcia alleges that he worked for Defendants as an employee; and

    WHEREAS, a dispute has arisen regarding Plaintiff Garcia's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-03000 (hereinafter "the Litigation");

    WHEREAS, Defendants deny any liability in connection with Plaintiff's Claims; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1.    Payment: Defendants shall pay or cause to be paid to Plaintiff Garcia, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Garcia may have against Defendants in connection with his employment through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Garcia, the gross sum of Fifteen Thousand Dollars and Zero Cents ($15,000.00) (the "Settlement Amount") to be paid to Plaintiff Garcia's attorneys in Two ("2") separate installments, as follows:

a. For the first installment, Defendants shall issue two (2) checks:

i. one (1) check made payable to "Michael A. Faillace & Associates, P.C." in the amount of Three Thousand Three Hundred Thirty Dollars and Zero Cents ($3,330.00), representing attorneys' fees and costs; and

ii. one (1) check made payable to Nelson Garcia in the amount of Six Thousand Six Hundred Seventy Dollars and Zero Cents ($6,670.00), representing damages and compensation.

b. For the second and final installment, Defendants shall issue two (2) checks:

i. one (1) check made payable to "Michael A. Faillace & Associates, P.C." in the amount of Two Thousand Three Hundred Seventy Dollars and Zero Cents ($2,370.00), representing attorneys' fees and costs; and

ii. one (1) check made payable to Nelson Garcia in the amount of Two Thousand Six Hundred Thirty Dollars and Zero Cents ($2,630.00), representing damages and compensation.

The first installment due to be sent on or before June 27, 2019 and the second and final installment due to be sent on July 11, 2019.

All checks constituting the settlement amount set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

Defendants shall issue an IRS form 1099 to Plaintiff and Plaintiff's counsel for all payments made by Defendants to Plaintiff and Plaintiff's counsel which represent damages, compensation and/or attorneys' fees. Defendants shall issue any IRS form 1099 to Plaintiff and/or Plaintiff's counsel at the same time the Defendants issue those forms to other individuals/entities for the applicable tax year.

2.  **Release**: Plaintiff hereby stipulates and agrees that in consideration for the Settlement Amount to be paid to him by Defendants as set forth above, and as for consideration for Plaintiff's release of all claims against Defendants that concern Plaintiff's employment by Defendants, its predecessors, successors, assigns, officers, members, managing members, employees, agents, directors, attorneys, insurers, clients, parent corporations, subsidiary corporations, sister corporations, and affiliate corporations, including but not limited to Narender Sen and S. Grover CPA LLC, in any capacity or of any kind whatsoever (hereinafter referred to collectively, with Defendants, as "Releasees"), Plaintiff hereby releases and forever discharges the Releasees, Releasees' heirs, executors, administrators, successors, trustees, assigns, subsidiaries, officers, directors, shareholders, employees, legal representatives, and agents of each of them, from all actions, causes of action, suits, debts, dues, covenants, contracts, bonuses, controversies, agreements, promises, claims, charges, complaints and demands whatsoever in law or equity, under federal, New York, New Jersey, or any other state or local law, which against the Releasees, Plaintiff at any time has, had, claims or claimed to have against the Releaseess, which concerned Plaintiff's employment by Defendants, that have or may have occurred or arisen as of the Effective Date of this Agreement. Plaintiff expressly waives any right or claim or right to assert later that

any claim has, through ignorance, oversight or error, been omitted from the terms of this Agreement, and further expressly waives any right or claim of right he may have under the law of any jurisdiction that the releases (such as those given in this Agreement) do not apply to unknown or unstated claims for any act, omission, transaction or occurrence which has taken place up to the Effective Date of this Agreement. Any language to the contrary herein notwithstanding, nothing in this Agreement shall operate to bar or limit any claim of Plaintiff's for physical injury made pursuant to the Worker's Compensation Law, however, as of the date Plaintiff executes this Agreement, he represents that he is not aware of any workplace injury he suffered while employed by Defendants. This Agreement is not intended to waive claims for Unemployment Insurance benefits, Workers' Compensation benefits, claims that arise after the date the Parties execute this Agreement and/or claims for breach of this Agreement.

   a. Plaintiff agrees to withdraw, with prejudice, all complaints, suits, actions, charges, claims and/or proceedings that Plaintiff may have filed in any court or tribunal whatsoever against Releasees. Plaintiff specifically waives the benefit of any statute or rule of law which, if applied to this Agreement, would otherwise exclude from its binding effect any claims not now known by Plaintiff to exist.

   b. It is the intent of Plaintiff and Releasees that by this Release, Plaintiff is giving up all rights, claims, and causes of actions against the Released Parties in connection with his employment which accrued prior to the Effective Date hereof, whether or not Plaintiff is aware of them and whether or not any damage or injury has yet occurred. This release specifically does not preclude claims to enforce the terms of this Agreement.

   c. Notwithstanding the foregoing, nothing contained herein shall prevent Plaintiff from filing an administrative charge of discrimination with the EEOC or any state or local fair employment practices agency, or an unfair labor practice charge with the NLRB. However, Plaintiff agrees that he shall not seek, accept, or be entitled to any monetary relief, whether for Plaintiff individually or as a member of a class or group, arising from an administrative charge filed by Plaintiff or on Plaintiff's behalf (other than in a proceeding before the Securities and Exchange Commission). This Agreement prohibits Plaintiff's ability to pursue any claims against the Releasees seeking monetary relief for Plaintiff and/or as a representative on behalf of others.

   d. Plaintiff affirms that he understands that Plaintiff may later discover claims or facts that may be different than, or in addition to, those which Plaintiff now knows or believes to exist with regard to the subject matter of this Agreement, and which, if known at the time of signing this release, may have materially affected this Agreement or Plaintiff's decision to enter into it. Nevertheless, Plaintiff hereby waives any right or claim that might arise as a result of such different or additional claims or facts.

   e. The Parties shall submit this Agreement and Stipulation of Dismissal with Prejudice, attached as Exhibit 'A' hereto, to conclude and dismiss the action, with prejudice. In addition, the Parties shall execute all such other documents as are reasonably necessary to terminate any other judicial, administrative or agency proceeding between the Parties, if any.

3. Covenant Not to Sue. A "covenant not to sue" is a legal term which means Plaintiff promises not to file a lawsuit in court or arbitration. It is different from Plaintiff's Release of Claims contained in Paragraph 2 above. Besides waiving and releasing the claims covered by Paragraph 2 above, Plaintiff also covenants and agrees never to sue the Defendants or any Releasees based on any claim released by Plaintiff under Paragraph 2 of this Agreement, except that this Agreement does not limit Plaintiff's right to participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, the National Labor Relations Board, the Securities and Exchange Commission or other administrative agency or to bring a lawsuit against Releasees to enforce or challenge the validity of this Agreement. While Plaintiff may participate in such investigation or proceeding, Plaintiff acknowledges and agrees that Plaintiff waives his right to recover monetary damages, of any kind, in such investigation or proceeding (other than a proceeding before the Securities and Exchange Commission), and further that this Agreement prohibits Plaintiff's ability to pursue any claims against the Releasees seeking monetary relief for himself and/or as a representative on behalf of others.

4. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Garcia and each of the Defendants.

6. Acknowledgments: Plaintiff Garcia and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

7. Non-Disparagement. Plaintiff and Defendants agree not to make any false or defamatory statements about Plaintiff's employment with Defendants, Defendants' businesses, Defendants' employees, the circumstances surrounding Plaintiff's separation from employment, or any other dealings of any kind between Plaintiff and Defendants, to any third party, whether made privately or publicly, and whether by electronic, written or oral means, in person, by phone, by voicemail, by text message, by email or by any other electronic means, including on the internet via a blog post or comment, vlog, instant message, video, any online conversation, or on any social media sites or applications, including, but not limited to, Facebook (including Facebook Messenger), Twitter, Instagram, Snapchat, LinkedIn, Glassdoor, YouTube, Vimeo, Reddit, Pinterest, Tumblr, and Google+, provided that this mutual non-disparagement provision shall not restrict any party's ability to respond to any inquiry from applicable regulatory authorities or to provide truthful information pursuant to the legal process. Defendants also agree that, should any of Plaintiff's prospective employers contact Defendants, Defendants will provide only Plaintiff's dates of employment and position held. Should Plaintiff's prospective employer want to speak with Defendants further, Defendants will only state that it is Defendants' policy to confirm dates of employment and position held at time of separation.

8. <u>Plaintiff's Acknowledgments and Affirmations</u>. Plaintiff represents, acknowledges and affirms that:

   a. Plaintiff has been granted and received any and all leaves (paid or unpaid) to which Plaintiff may have been entitled during his employment, including any leave to which Plaintiff was entitled under any local leave or disability accommodation laws;

   b. Plaintiff has no known workplace injuries or occupational diseases that were not already reported to Defendants as of Plaintiff's last day of employment;

   c. Plaintiff has not been retaliated against for reporting any allegations of wrongdoing by Defendants or their officers;

   d. If, for any reason, it is determined by any federal, state or local authority that the Settlement Amount, or any portion thereof, should have been subject to taxation or withholding, Plaintiff agrees that Plaintiff shall assume all responsibility for the payment of any taxes, interest and penalties assessed in connection therewith, and that Plaintiff shall indemnify Defendants and hold Defendants harmless from any withholding or tax payment, interest or penalties required to be paid by Defendants thereon, except Defendants' share of any FICA payment that may be due. Defendants agree to notify Plaintiff in writing of any assessment or claim of assessment against Plaintiff via Plaintiff's Counsel, and Plaintiff agrees that any payments for which Plaintiff has assumed responsibility hereunder shall be paid in full within thirty (30) days after Plaintiff's Counsel's receipt of a demand for payment. Plaintiff further agrees and understands that, in the event Defendants are required to enforce the terms of this indemnification and hold harmless provision, Plaintiff will reimburse Defendants for its reasonable attorneys' fees and costs associated with such enforcement.

   e. Plaintiff is not aware of any existing lien against Plaintiff's recovery in this action, and agrees to release, hold harmless and indemnify the Releasees from any claim asserting a lien or claim against the Settlement Amount with respect to any liens, known or unknown, against Plaintiff's recovery in this action, including that portion of the recovery representing fees for legal services;

   f. As of the date Plaintiff signs this Agreement, Plaintiff represents that he is not Medicare eligible (*e.g.*, is not 65 years of age or older; is not suffering from end stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer; etc.). Nonetheless, if the Centers for Medicare & Medicaid Services ("CMS") (the term "CMS" includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiff, Employee agrees to (i) indemnify, defend and hold Releasees and its insurers harmless from any action by CMS relating to medical expenses of Plaintiff, (ii) reasonably cooperate with Releasees upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim that the CMS may make and for which Plaintiff is required to indemnify Releasees under hereunder, and (iii) waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A);

g. Plaintiff acknowledges that Releasees, including its administrators, successors and assigns, in paying the agreed-upon Settlement Amount under the Agreement, is not responsible for the satisfaction of any lien upon his recovery in this action, and further acknowledges that the satisfaction of any lien, known or unknown, against Plaintiff's recovery in this action is exclusively Plaintiff's responsibility. Plaintiff further agrees that should litigation be commenced against Releasees, or any of their successors or assigns, with respect to the enforcement and satisfaction of any liens, known or unknown, relating to his recovery in this action, as well as that portion representing fees for legal services, Plaintiff agrees to fully indemnify Releasees, and/or their respective successors or assigns, for any and all liability arising in that litigation, including reasonable costs and attorneys' fees related to any of Releasees' defense of that action, and/or the defense of their successors or assigns.

h. Plaintiff expressly understands that Plaintiff is not, in any manner, the prevailing party with respect to this matter.

i. Plaintiff expressly understands that Plaintiff is not entitled to, and will not seek, attorneys' fees in connection with this matter, aside from any portion of the Settlement Amount set forth in this Agreement attributable to attorneys' fees.

9. <u>No Re-Employment.</u> Plaintiff hereby waives any right Plaintiff may have or may come to have to employment or re-employment with Defendants or any of the Releasees, and hereby agrees not to apply to any of them for employment at any time.

10. <u>Notices</u>: Notices required under this Agreement shall be in writing, by either first class mail or email, and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Garcia:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Ilan Weiser, Esq.
ELLENOFF GROSSMAN & SCHOLE LLP
1345 Avenue of the Americas
New York, NY 10105
Tel: 212-370-1300
Fax: 212-370-7889
Email: IWeiser@egsllp.com

11. <u>Governing Law/Dispute Resolution</u>: Any dispute regarding this Agreement or Plaintiff's alleged employment by Defendants, which cannot be resolved by negotiations between the parties, shall be submitted to, and solely determined by, final and binding arbitration conducted by the American Arbitration Association ("AAA") in accordance with its arbitration rules applicable to employment disputes, and the parties agree to be bound by the final award of the arbitrator in any such proceeding. All questions regarding whether or not a dispute is subject to arbitration will be resolved by the arbitrator. Arbitration shall be held in the AAA New Jersey office, or such other place as the parties may mutually agree. Judgment upon the award by the arbitrator may be entered in any court having jurisdiction. The arbitrator shall award costs and attorneys' fees to the prevailing party. Furthermore, as part of this Agreement, Plaintiff agrees that Plaintiff may not participate in a representative capacity or as a member of any class of claims pertaining to any claim against Defendants or the Releasees. This Agreement and all issues pertaining to Plaintiff's employment by Defendants shall be governed and interpreted in accordance with the laws of the New Jersey without regard to choice of law principles, except for disputes regarding the validity, coverage or enforceability of the arbitration provision which shall be governed by the Federal Arbitration Act. The parties further agree that if, for any reason, any provision hereof is unenforceable, the remainder of the Agreement will nonetheless remain binding and in effect.

12. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Garcia agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

13. <u>Tax Indemnity:</u> Plaintiff understands and agrees that he is solely responsible for and will pay any and all taxes attributable to payment made under this Agreement, and that he will be solely responsible for the payment of all interest and penalties, if any, attributable to the payment made under this Agreement. Plaintiff agrees to defend and indemnify Releasees against any and all tax implications that Releasees may face as a result of the tendering the Settlement Amount. It is expressly acknowledged and agreed that an IRS Form 1099 will be sent to Plaintiff's counsel, who shall receive such IRS Form 1099 on behalf of Plaintiff, in connection with payment of the Settlement Amount. Defendants shall issue an IRS form 1099 to Plaintiff and Plaintiff's counsel for all payments made by Defendants to Plaintiff and Plaintiff's counsel which represent damages, interest, and/or attorneys' fees and costs to Plaintiff's counsel at the same time Defendants issue those forms to its current employees or other individuals/entities for the applicable tax year.

14. <u>Release Notification</u>: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. and Yolanda Rivero, Esq. of Michael Faillace & Associates, P.C. Plaintiff Garcia acknowledges that it is his choice to waive any potential claims in return for the consideration set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his

attorneys. Plaintiff Garcia confirms that he has reviewed this Settlement Agreement and Release with his attorneys and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

15. <u>Breach of this Agreement</u>: If Plaintiff should, after the execution of this Agreement, make, pursue, prosecute, or threaten to make any Claim or allegation, or pursue or commence or threaten to commence any Claim, action, complaint or proceeding against Defendants or Releasees for or by reason of any cause, matter or thing whatsoever existing up to the Effective Date, this Agreement may be raised as and shall constitute a complete bar to any such Claim, allegation, action, complaint or proceeding. In the event that either party breaches any provision of this Agreement, the Parties agree that either may institute action against the other to specifically enforce any term or terms of this Agreement for which the prevailing party would be entitled to recover its reasonable costs incurred by virtue of defending or prosecuting the same, including reasonable attorneys' fees. Nothing in this paragraph shall limit the Parties from enforcing their rights under this Agreement.

16. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

17. <u>Review and Consideration of Agreement; Rescission Rights; Effective Date</u>: Plaintiff has been given a period of twenty-one (21) days from receipt of this Agreement to review and consider this Agreement before signing it (the "Consideration Period"). If Plaintiff signs this Agreement prior to the conclusion of the twenty-one (21) day period, the balance of that period will be considered waived. Plaintiff may also rescind this Agreement up to seven (7) days after he signs it ("Rescission Period") by submitting a written rescission notice to Defendants' counsel, by first class mail and email, Ilan Weiser, Esq., Ellenoff Grossman & Schole, LLP, 1345 Avenue of the Americas, 15th Floor, New York, NY 10105, iweiser@egsllp.com, which is to be received by Defendants' counsel before the close of business on the seventh (7th) day. Plaintiff and Plaintiff's counsel will not be entitled to cash the checks comprising the Settlement Amount until the Rescission Period has expired and the Agreement has been approved by the Court. This Agreement becomes effective on the 8th day after it is signed by Plaintiff and not rescinded ("the Effective Date"). If the last day of the Consideration Period falls on a Saturday, Sunday or Holiday, the last day of the Consideration Period shall be the next business day following the weekend or Holiday.

18. **Representations by Plaintiff**: Plaintiff hereby represents and acknowledges that: (a) he has carefully read the Agreement and understands its terms; (b) he has had at least twenty-one (21) days to consider this Agreement prior to signing it; (c) he has been advised to and has consulted with an attorney regarding this Agreement; (d) the consideration provided in this Agreement is sufficient to support the releases in this Agreement; (e) he knows that he is giving up important rights; and (f) he is signing this Agreement voluntarily and of his own free will.

**PLAINTIFF**:

By: _____  Date: 6/26/2019
NELSON GARCIA

**DEFENDANTS**:

By: _____  Date: 6/26/2019
GROVER, CPA, PLLC

By: _____  Date: 6/26/2019
DEVONSHIRE REALTY (USA), INC.

By: _____  Date: 6/26/2019
DEVONSHIRE REALTY NJ LLC

By: _____  Date: 6/26/2019
SANJAY GROVER

{00699972.DOCX.1}